[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14360
Non-Argument Calendar

_____

D.C. Docket No. 8:03-cr-00445-RAL-EAJ-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR M. VALENCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2017)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Defendant Cesar M. Valencia pled guilty to conspiracy to possess with intent to distribute at least five kilograms of cocaine while aboard a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii). At a joint sentencing hearing, the district court revoked Valencia's supervised release term for an earlier 2003 federal cocaine smuggling offense and imposed a total 144-month sentence. Specifically, Valencia's sentence is composed of a mandatory-minimum 120-month sentence for his new 2015 cocaine conspiracy offense and a consecutive 24-month sentence on his earlier 2003 offense for his admitted supervised release violation. On appeal, Valencia argues that the district court's decision to run his 24-month revocation sentence consecutively, rather than concurrently, rendered his total 144-month sentence substantively unreasonable. After review, we affirm.

## I.  BACKGROUND FACTS

In 2003, Valencia was one of eight Colombian crewmembers on a vessel containing ninety bales, over 5,500 pounds, of cocaine when it was intercepted by the U.S. Coast Guard in international waters in the eastern Pacific Ocean. In 2004, Valencia pled guilty to conspiracy to possess with intent to distribute at least five kilograms of cocaine while aboard a vessel, in violation of 46 U.S.C. § 1903(a), (g), (j) (2000). The district court originally imposed a 135-month sentence, but later reduced the prison term to 87 months for substantial assistance. In September

2012, after completing his 87-month sentence, Valencia began serving a 60-month term of supervised release.

Among the conditions of supervised release, the district court ordered Valencia not to illegally possess a controlled substance or to commit a federal, state, or local crime. In October 2012, Valencia was deported to Colombia.

Less than three years later, in July 2015, the U.S. Coast Guard discovered a self-propelled, semi-submersible vessel in international waters in the eastern Pacific Ocean. After boarding, the U.S. Coast Guard found 6,900 kilograms of cocaine in the vessel's hull. Valencia, who was still on supervised release, was one of four crewmembers, along with his nephew Robert Valencia.

Defendant Valencia again pled guilty to conspiracy to possess with intent to distribute at least five kilograms of cocaine while aboard a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (2012). Valencia admitted to violating the terms of his supervised release and consented to the consolidation of his two criminal cases for sentencing.[1] The district court held a joint sentencing and revocation hearing. For Valencia's current cocaine-smuggling conspiracy offense, the district court imposed a statutory mandatory-minimum 120-month sentence, which was 48 months below the advisory

---

[1]Upon defendant Valencia's motion, District Judge Steven D. Merryday transferred the 2003 criminal action, 8:03-cr-00445, to District Judge Richard Lazzara to resolve the alleged supervised release violation in conjunction with the sentencing in Valencia's 2015 criminal action, 8:15-cr-00284, already assigned to Judge Lazzara.

guidelines range of 168 to 210 months. For Valencia's supervised release violation, the district court imposed a 24-month sentence for his earlier 2003 offense, at the low end of the advisory guidelines range of 24 to 30 months, to be served consecutively to his 120-month sentence on his new 2015 offense. Valencia filed this appeal of the district court's judgment.[2]

## II.  DISCUSSION

We review the reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); see also United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014) (stating that we review a sentence imposed upon a revocation of supervised release for reasonableness). In undertaking a reasonableness review, we first look at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[3]

The abuse of discretion standard "allows a range of choice for the district court," and we will vacate a sentence only if "left with the definite and firm

---

[2]Both of Valencia's plea agreements contained sentence-appeal waivers, but the government does not argue that Valencia's current appeal is barred by either of them. Accordingly, we do not address the applicability of the sentence-appeal waivers.

[3]On appeal, Valencia argues only that his consecutive 24-month sentence is substantively unreasonable and thus has abandoned any claim of procedural unreasonableness. See United States v. Dougherty, 754 F.3d 1353, 1358 (11th Cir. 2014).

conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc) (quotation marks omitted). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. Dougherty, 754 F.3d at 1361.

A district court may order multiple terms of imprisonment to run concurrently or consecutively when the district court imposes the terms on the defendant at the same time. 18 U.S.C. § 3584(a). According to the policy statements in Chapter 7 of the Sentencing Guidelines, any sentence imposed upon revocation is a sanction for the defendant's breach of trust, and, as such, "should be in addition, or consecutive, to any sentence imposed for new conduct." U.S.S.G. ch. 7, pt. A 3(b). Thus, "[a]ny term of imprisonment imposed upon the revocation . . . of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f), p.s.

Before imposing a prison term upon revocation, a district court must consider most of the § 3553(a) factors.[4] See 18 U.S.C. § 3583(e); Vandergrift, 754 F.3d at 1308-09. Likewise, a district court determining whether to order terms of imprisonment to run concurrently or consecutively "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3584(b). As with our reasonableness review, we review a district court's imposition of consecutive sentences for an abuse of discretion. United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009).

On appeal, Valencia acknowledges that the district court was statutorily required to impose the mandatory minimum 120-month sentence for his 2015 cocaine conspiracy offense, and he does not challenge the duration of either of his sentences. Thus, the only question here is whether the district court abused its discretion by ordering the 24-month sentence for his supervised release violation to run consecutive to Valencia's 120-month sentence.

Valencia has not shown that his 24-month supervised release sentence, run consecutive to his 120-month cocaine conspiracy sentence, is substantively unreasonable. The record reflects that the district court considered the § 3553(a)

---

[4]Specifically, the district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training and medical care; (3) the Sentence Guidelines range and pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentencing disparities; and (5) the need to provide restitution to victims. See 18 U.S.C. § 3583(e) (listing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) as the factors to consider)

6

factors and Valencia's arguments in mitigation, including his advanced age, his fourth-grade education, his poverty, his inability to find legitimate work in Colombia, and that he felt he had no choice but to participate in the cocaine smuggling venture because he had "no skills other than that relating to those of a mariner." See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that the district court is not required to explicitly consider each of the factors).

Indeed, the district court expressed skepticism that Valencia was merely a poor fisherman motivated only by desperate poverty. During the hearing, the district court pointed out that: (1) Valencia was on the semi-submersible vessel with his nephew, co-defendant Robert Valencia, and described the venture as a "family affair"; (2) co-defendant Robert Valencia, who admitted to making three previous trips transporting 5,000 kilograms of cocaine, was a "significant drug smuggler," rather than a "regular every day mariner," and had "made a few dollars" from those trips; (3) defendant Valencia's last cocaine smuggling conspiracy conviction also involved a large amount of cocaine; and (4) there was "no question in [the court's] mind [that] Mr. Cesar Valencia is a serial mariner." The district court also expressed concern about fashioning sentences, in accordance with § 3553(a)(6), that accounted for the different kinds of defendants the district court saw in mariner drug smuggling cases. Valencia's arguments essentially ask

us to reweigh the factors, which is something we do not do absent a clear error of judgment.  See United States v. Langston, 590 F.3d 1226, 1237 (11th Cir 2009).

Furthermore, Valencia's new total sentence is 24 months below the advisory guidelines range of 168 to 210 months, and Valencia's 24-month term is within both the statutory range of no more than five years and the advisory guidelines range of 24 to 30 months.  See 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a).  As already noted, the Sentencing Guidelines generally contemplate a prison sentence imposed upon revocation is to be served consecutive to any other sentence for the underlying criminal conduct.  See U.S.S.G. § 7B1.3(f).  Valencia admitted that while on supervised release for his last cocaine smuggling venture in 2003, he violated his release conditions by committing the same offense again in 2015.  Specifically, Valencia was a crewmember of a semi-submersible vessel that was transporting an enormous quantity of cocaine—over 6,000 kilograms—to a designated rendezvous point in international waters.

In light of these circumstances, we conclude the district court's decision to run Valencia's 24-month sentence for his violation of his supervised release consecutive to his 120-month sentence for his new criminal offense was not an abuse of discretion.

**AFFIRMED.**